UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA — CRIMINAL ACTION

VERSUS — NO. 07-330

ROBERT J. BAPTISTE — SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion to suppress filed by the defendant, Robert J. Baptiste ("Baptiste"). An evidentiary hearing on the motion was held on May 21, 2008, and the motion was taken under advisement. The defendant is charged in a five count indictment with violations of the federal gun control and controlled substances acts. In the motion to suppress, Baptiste seeks the exclusion of evidence seized from his vehicle on July 7, 2007, based on the defendant's lack of consent.

Warrantless searches are valid under the Fourth Amendment if conducted pursuant to consent. *United States v. Mendoza-Gonzalez*, 318 F.3d 663, 666 (5th Cir. 2003). The requisite consent must be both free and voluntary. *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997). Voluntariness is determined by the totality of circumstances surrounding the search including: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. *United*

*States v. Morales*, 171 F.3d 978, 982-983 (5th Cir. 1999). No single consideration is determinative. *Id.*

The parties here, however, disagree as to fundamental underlying facts. Baptiste argues and testified that he was not asked to consent to a search of his car at the time of the traffic stop, and would have declined to give consent if asked. He claims the consent form which he admittedly signed was signed at the jail, after his arrest, and that he signed it then only because he feared for his life, having been beaten by the deputies.

The government maintains that Baptiste was asked at the time of the traffic stop if he would consent to the search of his car, that he gave his consent and signed the form at that time. As a result of the search, both drugs and a gun were seized. After this evidence was found, Baptiste attempted to flee and had to be forcibly restrained in order to complete the arrest.

For the reasons stated below, the Court find the government's rendition is more credible, as it is supported by a preponderance of the surrounding circumstantial evidence. Therefore, the motion to suppress is DENIED.

**Factual findings**

The parties stipulated that at 11:40 p.m. on July 7, 2007, Dep. Jennifer Tassin of the Plaquemines Parish Sheriff's Office stopped Baptiste's vehicle for speeding. Baptiste conceded that he could have been speeding and the defense does not contest the validity of the stop. Both sides agree that Baptiste provided Dep. Tassin with a Louisiana ID, registration and a ticket stub from a prior violation which had his drivers license number. Baptiste said Dep. Tassin advised him he was going to get a ticket. The parties stipulated that Dep. Tassin called this information

into headquarters at 11:42.[1]

Both sides agree that Dep. Tassin asked Baptiste if he ever had been arrested before, and that Baptiste told her he had a criminal record and had served nine years in prison for drug and gun violations. Both sides agree that Dep. Tassin then asked him to exit the car, at which point he was frisked by Dep. Lambert and no weapons or drugs were found.

Baptiste testified he was instructed to put his hands on the hood of the police car but kept pulling his hands away, because it was too hot. When he pulled his hands away, complaining it was too hot, he testified that Dep. Lambert slammed his face on the hood of the car and then Dep. Tassin struck him with a baton. After that, the officers continued to kick and strike him. He claims he did not resist.

On the other hand, Dep. Tassin testified that after the frisk, she asked Baptiste if he had anything illegal in the car, and he answered no. She then claims that she asked Baptiste for his consent to search the vehicle and he said yes. She said she got the form from her trunk and he signed it.

The circumstantial evidence supports Dep. Tassin's version of the events. At 11:48 p.m., Dep. Tassin called into headquarters and said "Cut me an item for consent." While the defense contends the word "consent" is not audible on the defendant CD (Def. Exh. 7), the Court played the CD and clearly heard the word "consent." It likewise was heard on the government CD (Gov. Exh. 2). There is no dispute that "item" meant an item number to identify the incident. The reasonable interpretation is, as Dep. Tassin testified, that she needed the item

---

[1]The report came back that the license was valid and there were no outstanding warrants for the defendant's arrest.

number to put it on the consent to search form. Headquarters then relayed back to Dep. Tassin that the item number was 08321, with the time designated as 11:47 p.m. That item number does appear on the form and the time is handwritten as 11:47 (Gov. Exh. 5). Baptiste admits his signature is valid. The Court finds that the circumstantial evidence supports the finding that the form was signed by Baptiste at the scene and contemporaneously with the time designated.

The altercation with Baptiste did not occur until around 11:55 p.m., which was eight minutes later. In the intervening time, the search was conducted and the drugs and gun found. The Court finds that the drugs and gun were validly seized pursuant to Baptiste's consent.

Accordingly,

IT IS ORDERED that the motion to suppress filed by Robert J. Baptiste is DENIED. (Rec. Doc. 22).

New Orleans, Louisiana, this 22nd day of May, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE