UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NUMBER: 07-0330

ROBERT J. BAPTISTE                          SECTION: "C"(5)

**REPORT AND RECOMMENDATION**

Pursuant to an order of reference from the District Judge, presently before the Court is defendant's "motion for transcript and/or to inspect discovery pursuant to 28 USC 2255 Rule 6." (Rec. docs. 63, 62).

On August 6, 2008, defendant pled guilty to five firearm and drug-related offenses as set forth in the second superseding indictment handed down in this matter. (Rec. doc. 48). On November 12, 2008, defendant was sentenced to a total of one hundred eighty months imprisonment followed by a five-year term of supervised release. (Rec. docs. 54, 55). Defendant did not appeal his conviction or sentence.

Defendant now comes before the Court seeking a free copy of various documents that were generated in his criminal cases which, he contends, are needed to properly prepare a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255. (Rec. doc. 62). Defendant identifies the grounds to be presented in the proposed motion as ineffective assistance of counsel based on counsel's alleged failure to: 1) properly argue at his suppression hearing that the government presented false and misleading testimony regarding the events surrounding his unlawful search and seizure; 2) effectively impeach the government's witness, Deputy Jennifer Tassin, with exculpatory evidence she received from defendant and Deputy Stephen Lambert regarding the consent form; 3) properly cross-examine the government witness regarding the events that led to defendant's unlawful arrest; and, 4) appeal the District Judge's decision denying the motion to suppress. (Id. at pp. 1-2). In addition to his sentencing transcript and police dispatcher recordings, plaintiff enumerates fourteen specific record documents in this case that he now seeks a free copy of. (Id. at p. 2).

The law is well-settled that a prisoner is not entitled to a free copy of his criminal record and transcript to search for possible trial defects merely because he is indigent. Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975); United States v. Herrera, 474 F.2d 1049 (5th Cir. 1973), cert. denied, 414 U.S. 861,

94 S.Ct. 77 (1973); Cowan v. United States, 445 F.2d 855 (5th Cir. 1971). Rather, the burden is on Baptiste to demonstrate a particularized need for the documents that he seeks. United States v. MacCollom, 426 U.S. 317, 96 S.Ct. 2086 (1976).

With the exception of the failure to appeal the suppression issue, the grounds that defendant identifies for presentation in his proposed motion under §2255 all relate to the conduct of counsel at the suppression hearing that was held on May 21, 2008. (Rec. docs. 28 (minutes), 29 (transcript)). As such, the only record document relevant to a resolution of those grounds, and to which defendant would arguably be entitled, is the transcript of the hearing which is some one hundred sixty-two pages in length. (Rec. doc. 29). Given the Clerk of Court's photocopying charge of fifty cents per page, a copy of the motion to suppress hearing transcript could be purchased for $81.00. On that score, a review of the pauper application accompanying defendant's motion reveals that he has sufficient funds to cover the aforementioned photocopying charges. (Rec. doc. 62, p. 5). Moreover, in light of defendant's counseled, unconditional guilty plea to the charges brought against him, which guilty plea remains unassailed, he may very well be precluded from challenging his conviction on the grounds he identifies here. See Tate v. United States, 2009 WL 1011337 at *2-3 (D. Conn. Apr. 15, 2009)(and cases cited therein).

For these reasons it will be recommended that defendant's motion be denied.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendant's motion for transcripts and/or to inspect be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  2nd  day of      June      , 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE