UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA					CRIMINAL ACTION

VERSUS								NO. 07-330

ROBERT J. BAPTISTE						SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on a motion under 28U.S.C. § 2255 to vacate, set aside or correct sentence and an amended 2255 motion filed by Robert J. Baptiste ("Baptiste"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motions should be denied for the following reasons.

On August 6, 2008, Baptiste plead guilty to a five count second superseding indictment for violations of federal gun control act and controlled substances acts in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(c)(1), and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C ), and 941(b)(1)(D ). Rec. Doc. 48. No plea agreement was involved. On November 12, 2008, he was sentenced to a term of imprisonment of 120 months as to

three of the counts, 50 months concurrent as to another count and 60 months consecutive as to the final count. Rec. Docs. 54, 55. That sentence was a variance in response to the defendant's motion for variance. Rec. Doc. 51. According to the record, no appeal was filed. This motion was filed on October 30, 2009, in a timely manner. Rec. Doc. 66.

The record also reflects that prior to the rearraignment and sentencing, the defendant filed a motion to suppress. Rec. Doc. 22. An evidentiary hearing was held on May 21, 2008, and the motion was denied by order dated May 22, 2008. Rec. Docs. 26, 27. The record also reflects that the defendant refused to sign a waiver to be charged with a felony in a bill of information attendant to an anticipated plea agreement on July 8, 2008. Rec. Doc. 35.

In this motion, Baptiste challenges his sentence based on ineffective assistance of counsel. The government opposes the motion.

**Strickland**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *Id*. at 697.

To prevail on the deficiency prong, defendant must demonstrate that counsel's

conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the defendant is challenging the actions of trial or appellate counsel.[1] In order to prove prejudice with respect to trial counsel, defendant "must show that there is a

---

[1] In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a defendant must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. <u>Briesno v. Cockrell</u>, 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000). Therefore, defendant must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. *Briesno*, 274 F.3d at 210.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 57 (1985), quoting *McMann v. Richardson*, 379 U.S. 759, 771 (1970). In *Hill,* the United States Supreme Court adopted the same two-part standard to evaluate ineffective assistance of counsel claims as set forth in *Strickland*. A convicted defendant seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the outcome of the plea process. If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, i.e., deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697. In order to satisfy the prejudice requirement in a plea situation, "the defendant must show that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58.

Defendant bears the burden of proof when asserting an ineffective assistance of counsel claim. Defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

**Ineffective assistance of counsel**

The defendant now argues that counsel was ineffective in failing to appeal the Court's denial of the motion to suppress. He also argues that he was unaware that he was offered a "conditional plea agreement" which would have reserved his right to appeal the denial of the motion to suppress. Again, he refused to cooperate with the first step of that process, the waiver of indictment. This latter allegation is disingenuous, belied by the record and contrary to the Court's recollection.

In any event, the defendant's allegations fail to establish either prong of the *Strickland* test. The defendant has been reluctant, at best, to take his counsel's sound advice throughout these difficult proceedings. The defendant has grounds to complain of no deficiency in her performance or patience.

In addition, the defendant has failed to show prejudice to any aspect of his defense. The motion to suppress was denied after an evidentiary hearing revealed that the defendant signed a written consent to search the vehicle, which contained the contraband for which he was charged. Had he gone to trial, he has not shown he would have prevailed. Had he been convicted after trial, he would not have received the benefit of points toward acceptance of responsibility and would have not been the candidate he was for a downward variance. In addition, had an appeal been taken to the sentence actually imposed, the defendant has not shown that he would have prevailed on appeal.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence and the amended 2255 motion filed by Robert J. Baptiste are DENIED.

New Orleans, Louisiana, this 1st day of June, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE