# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL  ACTION** |
| **VERSUS** | **NO. 07-00330** |
| **ROBERT J. BAPTISTE** | **SECTION: "C"** |

## ORDER AND REASONS

Before this Court is a Motion to Reduce Sentence under 18 U.S.C.A. § 3582(c)(2) and Amendment 599 to the Sentencing Guidelines brought by the defendant, Robert Baptiste. Rec. Doc. 95. Having considered the record and the law, the Court has determined that the Motion to Reduce Sentence is DENIED for the following reasons.

## I. BACKGROUND

On August 6, 2008, the defendant pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); possession with the intent to distribute an amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession with intent to distribute a quantity of marijuana in violation 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession with intent to distribute a quantity of methylenedioxymethamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18, U.S.C. § 924(c)(1)(A). Rec. Doc. 48. On November 12, 2008, the defendant was sentenced to a total of 180 months imprisonment followed by a five-year term of supervised release. Rec. Docs. 54, 55.

## II.  LAW AND ANALYSIS

18 U.S.C.A. § 3582(c)(2) grants the Court discretion to modify a defendant's sentence in cases where the sentencing range has been *subsequently* lowered by the Sentencing Commission.

*United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Amendment 599 explains "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in those guidelines for those other offenses." U.S.S.G. app. C, amend. 599 (Nov. 2000). The defendant contends that "Amendment 599 precludes the application of a §2K2.1 (b)(6) four-level enhancement for possession of a firearm in connection with another felony offense to Baptisite's [sic] 922(g) conviction for being a felon in possession of a firearm, when he was also sentenced for his 924(c) conviction for using or carrying firearms during and in relation to a drug trafficking offense." Rec. Doc. 95 at 8. The defendant bases his argument upon Amendment 599, a sentencing guideline amendment that was enacted eight years before his sentence was imposed and therefore was already taken into consideration by this Court at his sentencing hearing. *See United States v. Millsaps*, 235 Fed.Appx. 990 (5th Cir.2007). In addition, a § 3582(c)(2) motion is not the appropriate method to raise an issue that the defendant did not raise at sentencing. *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir.1994).

Accordingly,

IT IS ORDERED that the defendants' motion is DENIED.  Rec. Doc. 95.

New Orleans, Louisiana, this  19  day of  March, 2014.

HELEN G. BERRIGAN
**UNITED STATES DISTRICT JUDGE**

2