UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-330 |
| ROBERT J. BAPTISTE | SECTION "E" |

## ORDER AND REASONS

Before the Court is a Motion for Reduction of Sentence - Compassionate Release filed by Petitioner Robert Baptiste.[1] Petitioner argues he should "be released on home confinement . . . due to his pre existing [sic] condition . . . [of an] irregular heartbeat," which Petitioner contends makes him susceptible to contracting COVID-19.[2] For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On November 12, 2008, Petitioner was convicted of the following counts: Possession of a Firearm by a Convicted Felon, Possession with Intent to Distribute a Quantity of Cocaine Hydrochloride, Possession with Intent to Distribute a Quantity of Marijuana, Possession with Intent to Distribute a Quantity of MDMA, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.[3] Petitioner was sentenced to fifteen years imprisonment, to be followed by a five year term of supervised release.[4]

On April 23, 2020, Petitioner filed the instant Motion for Reduction of Sentence - Compassionate Release.[5] In his motion, Petitioner argues he has an "irregular heartbeat" and that, due to this condition, he is susceptible to COVID-19 and thus the Court should

---

[1] R. Doc. 116. The Government filed an opposition. R. Doc. 120.
[2] R. Doc. 116 at 2.
[3] R. Doc. 55.
[4] *Id.*
[5] R. Doc. 116.

1

release him from prison to home confinement.[6] Petitioner specifies that he seeks release pursuant to under 18 U.S.C. § 3582(c)(1)(A).[7] As the Government points out,[8] although not specifically cited in Petitioner's motion, Petitioner appears to alternatively seek release to home confinement under 18 U.S.C. § 3622. Accordingly, the Court analyzes Petitioner's requests under both § 3582(c)(1)(A) and § 3622.

## LAW AND ANALYSIS

**I.     Petitioner's Request for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) is Denied Without Prejudice**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[9] Finality is an important attribute of criminal judgments, and one "essential to the operation of our criminal justice system."[10] Consistent with the principle of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[11] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[12] However, courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met. Specifically, § 3582(c)(1)(A) mandates courts may only consider such motions "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after

---

[6] *Id.* at 2.
[7] *Id.*
[8] R. Doc. 120 at 4.
[9] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[10] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).
[11] 18 U.S.C. § 3582(c).
[12] *Id.* § 3582(c)(1)(A).

the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[13] With respect to the option for the motion to be brought by the defendant, "[c]ourts have recognized [this option] impose[s] a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[14] Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[15]

In this case, the Bureau of Prisons ("BOP") has not filed a motion to reduce Petitioner's sentence. As a result, the Court can consider Petitioner's instant motion seeking immediate release to home confinement only if either (A) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (B) "30 days [have lapsed] from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility."[16] Petitioner makes no assertion in his motion that he has properly exhausted his administrative remedies. As the Government points out, "[a]ccording to [Petitioner's] Case Manager Coordinator, Garon Garrison, the defendant has not presented an internal request for release to his warden to start the 30-day clock that must run before this Court has authority to entertain his motion, nor has he otherwise exhausted his administrative

---

[13] *Id.*
[14] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[15] *United States v. Fisher*, 1:18-cr-00118-MR-WCM-1, 2020 WL 2411796, at * (E.D. La. May 12, 2020); *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[16] 18 U.S.C. § 3582(c)(1)(A).

remedies[.]"[17] As a result, Petitioner has failed to make the requisite showing that either (A) he has made any attempt to fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf" or (B) he has made any such request to "the warden of [Petitioner's] facility."[18]

Because the Court cannot consider Petitioner's request for instant release to home confinement until he has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion without prejudice for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A).

## II. Petitioner's Request for Release to Home Confinement Under 18 U.S.C. § 3622 is Denied Without Prejudice

Petitioner appears to seek relief alternatively under 18 U.S.C. § 3622, as Petitioner asks the Court to order BOP to release him on home confinement prior to his current release date in 2021.[19] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment"[20] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[21] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[22] Because Petitioner seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's

---

[17] R. Doc. 120 at 8 (citing R. Doc. 120-2 at ¶ 28).
[18] 18 U.S.C. § 3582(c)(1)(A).
[19] R. Doc. 116 at 2.
[20] 18 U.S.C. § 3621(b) (emphasis added).
[21] 18 U.S.C. § 3622 (emphasis added).
[22] 18 U.S.C. § 3621(B). *See also United States v. Snead*, 63 F.3d 281, 389 n. 6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").

4

administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[23] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Petitioner is incarcerated. The return address on Petitioner's motion reflects that he is incarcerated in Beaumont, Texas.[24] Thus, any such motion must be brought in the United States District Court for the Eastern District of Texas, which encompasses Beaumont, Texas. As a result, the Court must deny the instant motion, as this Court lacks authority under 18 U.S.C. § 3622 to order BOP to transfer Petitioner to home confinement.

## CONCLUSION

**IT IS ORDERED** that Petitioner's Motion for Reduction of Sentence - Compassionate Release[25] is **DENIED WITHOUT PREJUDICE**, to be refiled after Petitioner has fully exhausted all administrative rights to appeal a failure of BOP to bring a motion on Petitioner's behalf or the lapse of thirty days from the receipt of such a request by the warden of the Petitioner's facility, whichever is earlier.

**New Orleans, Louisiana, this 14th day of May, 2020.**

                                                                                    _____
                                                                                     **SUSIE MORGAN**
                                                                                     **UNITED STATES DISTRICT JUDGE**

---

[23] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[24] R. Doc. 116 at 4.
[25] R. Doc. 116.